UNITED STATES of America, ex rel., Deborah Riva MAGID

v.

BARRY WILDERMAN M.D., P.C.; Barry Wilderman, M.D.; Eric Gewirtz, M.D., Steven Palloni; North Penn Hospital

imposed 60–month sentence is within this

Barry Wilderman M.D., P.C., Barry Wilderman M.D., Eric Gewirtz,

*Arthur R. Shuman, Appellants.

* (Pursuant to Rule 12(a), F.R.A.P.).

No. 06–4195.

United States Court of Appeals, Third Circuit.

Argued Oct. 29, 2008.

Opinion filed Dec. 29, 2008.

Arthur R. Shuman, Esq. (Argued), West Fenwick, DE, for Appellant.

John F. Innelli, Esq. (Argued), Philadelphia, PA, for Appellee.

range.

Before: McKEE, NYGAARD, and MICHEL,* Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

Arthur R. Shuman, counsel for defendants, Barry Wilderman M.D., Eric Gewirtz M.D., and Barry Wilderman M.D. P.C. appeals the District Court's denial of his motion to withdraw. For the reasons that follow, we will vacate the order and remand the cause to the District Court to reissue an order with an opinion explaining its rationale.

Counsel for the defendants in the underlying case filed a motion at the District Court to withdraw as counsel. He did so, he claims, after discovering conflicts of interest between himself and the defendants, and between the defendants.

Orders that do not dispose of all claims against all parties are not subject to appellate review. 28 U.S.C. § 1291. The collateral order doctrine provides an exception to this general rule by permitting appellate review of interlocutory orders if: (1) the order conclusively determines the disputed question; (2) the order resolves an important issue completely separate from the merits; and (3) the order is effectively unreviewable on appeal from final judgment. *In re Carco Electronics,* 536 F.3d 211, 213 (3d Cir.2008).

The order does conclusively determine the issue subject to appeal, because it unequivocally denies Shuman's motion to withdraw. Moreover, it is apparent that relief will not be available to Shuman after the filing of a final order in this case. If Shuman is correct that his continued representation of both defendants will create a conflict of interest, it will not be possible to apply a *post hoc* remedy to eliminate this ethical violation. Nonetheless, we cannot ascertain whether the issue is completely separate from the merits, because we do not know the basis for the District Court's decision.

Moreover, while we could postulate that the District Court's concern about potential delays was part of the reason that the District Court denied Shuman's motion, we neither have certainty about this, nor do we know anything that would enable us to consider Shuman's claim that, if left to stand, the District Court's order will force him to commit ethical violations.

It is axiomatic that we have jurisdiction to ascertain our authority to review an order that has been appealed, and on this basis we will vacate the order of the District Court with instructions to reissue an order with an opinion explaining its rationale. We otherwise express no opinion as to the content or result of the order.